## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMITIE ONE CONDOMINIUM** | : | **CIVIL ACTION NO. 1:07-CV-1756** |
| **ASSOCIATION,** | : | |
| | : | **(Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **NATIONWIDE PROPERTY &** | : | |
| **CASUALTY INSURANCE CO.,** | : | |
| | : | |
| **Defendant** | : | |

## MEMORANDUM

Plaintiff Amitie One Condominium Association ("Amitie One") brings this

action against Nationwide Property & Casualty Insurance Company ("Nationwide")

for breach of contract and bad faith arising from Nationwide's denial of insurance

coverage.  Presently before the court is defendant's motion to dismiss (Doc. 3.)

pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the basis that

the insurance policy does not cover the damage for which Amitie One claims

coverage.  For the reasons that follow, the motion will be denied.

## I.    Statement of Facts[1]

Amitie One is a homeowners' association whose members own condominium

units located in State College, Pennsylvania. (Doc. 1-6 ¶ 1.)  Nationwide insures the

---

[1]In accordance with the standard of review for a motion to dismiss, the court
will present the facts as alleged in the complaint. See infra Part II. The statements
contained herein reflect neither the findings of the trier of fact nor the opinion of
the court as to the reasonableness of the parties' allegations.

real estate of Amitie One's members under a Business Provider Insurance Policy.
(Id. ¶ 4.)  In 1994, Amitie One first observed cracks developing in the northeast
corner of the building that houses the condominium units.  Two of the units
sustained structural damage caused by movement of the foundation and floor slabs.
(Id. ¶ 11.)  Amitie One hired an engineering company to arrest the movement, and
the firm employed a combination of techniques to halt the shifting, which it
attributed to compressible soils beneath the building's foundation.  (Id. ¶ 12.)  For
the next twelve years, Amitie One encountered no further problems.  (Id. ¶ 13.)

In 2006, however, Amitie One observed the onset of additional structural
issues, and it hired a second engineering company to investigate the problems.  (Id.
¶ 14.)  The firm conducted a number of tests and concluded that the problem was
not caused by compressible soils, as the earlier engineering consultants had
indicated. (Id. ¶ 16.)  Rather, the firm concluded that "[t]he continued distress to the
building structure, considering past stabilization attempts and the recent
subsurface investigation, is due to a karst or carbonate bedrock related instability."[2]
(Id. ¶¶ 15-16.)  The firm further opined that the 1994 engineers had incorrectly
identified compressible soils as the cause of the problem and stated that the distress
was consistent with surface collapse due to sinkholes.  (Id.)  Additional testing

---

[2]Karst terrain is a "type of landscape that is formed by the dissolution of
soluble rocks, including limestone and dolomite."  Common "geological
characteristics of karst regions that influence human use of its land and water
resources include . . . sinkhole collapse." U.S. Geological Survey, Karst, May 28,
2008, http://water.usgs.gov/ogw/karst.

confirmed that the bedrock in the area was weathered and susceptible to voids as

tall as four feet at depths of approximately twenty feet below surface grade, making

sinkholes likely. (Id. ¶ 18.)

In May 2006, Amitie One submitted claims for losses and building damage to

Nationwide. (Id. ¶ 21.) Nationwide employed Mark S. Suchecki ("Suchecki") to

investigate the policy claims made by Amitie One. (Id. ¶ 19.) Suchecki concurred

that the structural problems were due to sinkhole activity progressing over a period

of several years. (Id. ¶ 20.) Accordingly, Nationwide denied coverage, asserting that

the policy covered sinkhole damage only if it resulted from sudden collapse. (Id.

¶ 24.)

The policy provides coverage for all risks of loss or property damage that are

not limited or excluded by the policy. (Id. ¶ 7 (citing (Doc. 1-5 at 2)). The policy

states that Nationwide "will pay for loss or damage caused by or resulting from

risks of direct physical loss *involving collapse* of a building or any part of a building"

if the damage results from one of several enumerated "specified causes of loss." (Id.

(quoting Doc. 1-4 at 23) (emphasis added)). Sinkhole collapse qualifies as a

specified cause of loss covered by the policy, which defines it as "the *sudden* sinking

or collapse of land into underground empty spaces created by the action of water on

limestone or dolomite." (Id. ¶ 9 (quoting Doc. 1-5 at 17) (emphasis added)).

Amitie One commenced this action in state court, and Nationwide removed it

to federal court on September 26, 2007. Amitie One seeks enforcement its rights

under the contract and to recover for Nationwide's alleged bad faith denial of

benefits.  Nationwide has filed a motion to dismiss, arguing that the lack of any

sudden surface collapse places Amitie One's harm outside the policy's coverage.

The parties have fully briefed these issues, which are now ripe for disposition.

## II.    Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for the

dismissal of complaints that fail to state a claim upon which relief can be granted.

FED. R. CIV. P. 12(b)(6).  When ruling on a motion to dismiss under Rule 12(b)(6), the

court must "accept as true all factual allegations in the complaint and all reasonable

inferences that can be drawn therefrom, and view them in the light most favorable

to the plaintiff."  Kanter v. Barella, 489 F.3d 170, 177 (3d Cir. 2007) (quoting

Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005)).  Although the court is generally

limited in its review to the facts in the complaint, it "may also consider matters of

public record, orders, exhibits attached to the complaint and items appearing in the

record of the case."  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380,

1384 n. 2 (3d Cir. 1994); see also In re Burlington Coat Factory Sec. Litig., 114 F.3d

1410, 1426 (3d Cir. 1997).

Federal notice pleading rules require the complaint to "give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests."  Sershen v.

Cholish, No. 3:07-CV-1011, 2007 WL 3146357, at *4 (M.D. Pa. Oct. 26, 2007) (quoting

Erickson v. Pardus, --- U.S. ---, 127 S. Ct. 2197, 2200 (2007)).  The plaintiff must

present facts that, if true, demonstrate a plausible right to relief.  See FED. R. CIV. P.

8(a) (stating that the complaint should include "a short and plain statement of the

claim showing that the pleader is entitled to relief"); Bell Atl. Corp. v. Twombly, ---

U.S. ---, 127 S. Ct. 1955, 1965 (2007) (requiring plaintiffs to allege facts sufficient to

"raise a right to relief above the speculative level"); Victaulic Co. v. Tieman, 499

F.3d 227, 234 (3d Cir. 2007).  Thus, courts should not dismiss a complaint for failure

to state a claim if it "contain[s] either direct or inferential allegations respecting all

the material elements necessary to sustain recovery under some viable legal

theory." Montville Twp. v. Woodmont Builders LLC, No. 05-4888, 2007 WL 2261567,

at *2 (3d Cir. 2007) (quoting Twombly, --- U.S. at ---, 127 S. Ct. at 1969).  Under this

liberal pleading standard, courts should generally grant plaintiffs leave to amend

their claims before dismissing a complaint that is merely deficient.  See Grayson v.

Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002); Shane v. Fauver, 213 F.3d

113, 116-17 (3d Cir. 2000).

## III.   **Discussion**

Nationwide argues that the breach of contract claim should be dismissed

because the policy provides no coverage for the harm sustained by Amitie One.  It

asserts that the bad faith claim should likewise be dismissed because its denial of

benefits was reasonable under the circumstances.

### A.   **Breach of Contract**

Amitie One alleges that Nationwide has breached the insurance contract by

refusing to provide coverage in accordance with the terms of the policy.

Nationwide contends that plaintiff has failed to state a viable claim because the loss

is not covered by the policy and thus the breach of contract claim should be dismissed.

A Rule 12(b)(6) motion "may be granted where the insurance contract unambiguously reveals that an insured is not entitled to coverage." Frog, Switch & Mfg. Co. v. Travelers Co., 193 F.3d 742, 745 n.1 (3d Cir. 1999); see also i-Frontier, Inc. v. Gulf Underwriters Ins. Co., No. Civ. A. 04-5797, 2005 WL 1353614, at *3 (E.D. Pa. June 3, 2005). Contractual language is ambiguous if "it is reasonably susceptible of different constructions and capable of being understood in more than one sense." 401 Fourth St., Inc. v. Investors Ins. Group, 879 A.2d 166, 171 (Pa. 2005) (quoting Madison v. Constr. Co. v. Harleysville Mut. Ins. Co., 735 A.2d 100, 106 (Pa. 1999)). In ascertaining whether a loss is covered, "general rules of insurance contract construction require [the court] to read the policy as a whole and construe it according to its plain meaning." Frog, Switch & Mfg. Co., 193 F.3d at 746 (citing Atlantic Mut. Ins. Co. v. Brotech Corp., 857 F. Supp. 423, 427 (E.D. Pa. 1994)). When ambiguities are present within the contract, they must be construed "in favor of the insured because the insurer writes the contract." Id. However, "a provision is ambiguous only if reasonable people could, in the context of the entire policy, fairly ascribe differing meanings to it." Id.; see also Gardner v. State Farm Fire and Cas. Co., No. 07-3051, 2008 WL 2805641, at *2 (3d Cir. July 22, 2008).

In the instant case, Amitie One alleges that it suffered a loss to its property that falls within the unambiguous coverage terms of the insurance policy and that, to the extent the policy is unclear, it should be construed in a manner that favors

coverage.  (Id. ¶¶ 31, 37.)  The policy covers "loss or damage caused by or resulting from *risks of direct physical loss involving collapse* of a building or any part of a building caused by . . . sinkhole collapse."  (Doc. 1-4 at 23) (emphasis added)).  A sinkhole collapse is "the *sudden* sinking or collapse of *land* into underground empty spaces created by the action of water on limestone or dolomite."  (Doc. 1-5 at 17) (emphasis added)).

The instant dispute turns on the interpretation of the terms "land," "risks of direct physical loss involving collapse," and "sudden" as used in the policy.  (Doc. 8 at 15; Doc. 4 at 6.)  Amitie One maintains that "land" includes the subsurface as well as the surface terrain.  It further contends that nothing in the policy excludes coverage, placing its loss within the coverage for "direct physical loss involving collapse."  (Id. at 11.)  Nationwide responds that "land," as stated in the policy, includes only the surface grade and that Amitie One's loss is not covered because no "sudden" surface collapse has occurred.  It alleges that the progressive subsidence over a ten-year period confirms that there has been no "sudden" collapse covered by the policy.

The court is ill-equipped to determine in the context of a Rule 12(b)(6) motion whether a subterranean sinkhole collapse of the type at issue here constitutes a "sudden" collapse of "land", as those terms are used in the insurance policy.  This is particularly true because the parties have not yet had an opportunity to address how such terms are used in the insurance industry or whether the ten-year development of this problem might qualify as "sudden" in the geologic context.

7

Hence, the language of the policy does not unambiguously exclude coverage for the sinkhole loss, and the fact-intensive analysis attendant to the resolution of Amitie One's claims is appropriately reserved for summary judgment. Frog, Switch & Mfg. Co., 193 F.3d at 745 n.1. The motion to dismiss will therefore be denied.[3]

## B.   **Bad Faith**

A claim for bad faith denial of benefits requires the plaintiff to present "clear and convincing evidence that the insurer unreasonably declined to carry out the terms of the policy or recklessly disregarded the basis of the underlying claim." Scranton Dunlop, Inc. v. St. Paul Fire and Marine Ins. Co., No. 00-2138, 2000 WL 1100779, at *2 (E.D. Pa. Aug. 4, 2000) (citing Adamski v. Allstate Ins. Co., 738 A.2d 1033, 1036 (Pa. Super. Ct. 1999)). A reasonable but incorrect interpretation of an insurance contract does not give rise to bad faith. Bostick v. ITT Hartford Group, Inc., 56 F. Supp. 2d 580, 587 (E.D. Pa. 1999). Bad faith claims are very "fact-specific and depend upon the specific conduct of the insurer vis-a-vis its insured." Zimmerman v. Harleysville Mut. Ins. Co., 860 A.2d 167, 173 (Pa. Super. Ct. 2004). While Nationwide's asserted interpretation of the contract provision pertaining to collapse appears facially reasonable, facts may be developed during discovery

---

[3]Amitie One alternatively advances a declaratory judgment claim under the insurance contract, which Nationwide has also moved to dismiss. An action for declaratory judgment "lies for declaring the existing legal rights, status, or other relation of the parties where the declaration will aid in the determination of a genuine, justifiable controversy." Nationwide Mut. Ins. Co. v. Cummings, 652 A.2d 1338, 1341 n.5 (Pa. Super. Ct. 1994). See also Erie Ins. Exch. v. Muff, 851 A.2d 919 (Pa. Super. Ct. 2004). The motion to dismiss this claim will be denied for reasons identical to those supporting denial of the substantive breach of contract claim.

leading to a different conclusion.  See Scranton Dunlop, 2000 WL 1100779, at *2.

After completion of discovery and fact-specific argument from the parties, the court

will be better able to assess whether Nationwide denied Amitie One's claim in bad

faith.  Therefore, the motion to dismiss the bad faith claim will be denied as

premature.

**IV.**   **Conclusion**

For the foregoing reasons, Nationwide's motion to dismiss will be denied.  An

appropriate order will issue.


  S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge


Dated:        August 4, 2008

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **AMITIE ONE CONDOMINIUM ASSOCIATION,** | : | **CIVIL NO. 1-07-CR-1756** |
| | : | |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | **(Judge Conner)** |
| | : | |
| **NATIONWIDE PROPERTY & CASUALTY INSURANCE CO.,** | : | |
| | : | |
| **Defendant** | : | |

## <u>ORDER</u>

AND NOW, this 4th day of August, 2008, upon consideration of the motion to dismiss (Doc. 3), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that the motion is DENIED.

<u>  S/ Christopher C. Conner  </u>
CHRISTOPHER C. CONNER
United States District Judge