# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMITIE ONE CONDOMINIUM ASSOCIATION,** | **CIVIL ACTION NO. 1:07-CV-1756** |
| **Plaintiff** | **(Judge Conner)** |
| v. | |
| **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY,** | |
| **Defendant** | |

## ORDER

AND NOW, this 22nd day of March, 2010, upon consideration of defendant's motion (Doc. 31) for severance and stay of plaintiff's bad faith claim, wherein defendant claims that it will be prejudiced and that judicial resources will be wasted if all claims are litigated simultaneously,[1] and it appearing that defendant contends that, if it were to prevail on the contract claim, then plaintiff would have no viable

---

[1] The above-captioned case arises from defendant's denial of insurance coverage for losses that plaintiff incurred as a result of sinkhole activity which damaged plaintiff's property in 2006. Seeking monetary damages and a declaratory judgment, plaintiff sued defendant for breach of contract and bad faith. In the pending motion (Doc. 31), defendant requests that the court (1) hear the declaratory judgment action and resolve the issue of insurance coverage prior to proceeding with the other issues, and (2) sever plaintiff's bad faith claim, and stay discovery on that claim, until the contract claim is resolved.

Regarding plaintiff's claim for declaratory judgment, defendant contends that the court should decide the issue of coverage as a preliminary matter, because such a decision could resolve the remaining claims. Defendant also argues that the issue of damages on plaintiff's contract claim should be resolved before the parties proceed with the bad faith claim. On the issue of severance of plaintiff's bad faith claim, defendant asserts that severance would avoid prejudice and conserve judicial resources. The court will analyze these arguments infra, notes 2-4, 6-7.

bad faith claim,[2] and it further appearing that defendant argues that staying

discovery on plaintiff's bad faith claim would moot or put aside certain discovery

---

[2] Flatly contradicting this argument, plaintiff asserts that it could recover under its bad faith claim even if it does not prevail on its contract claim. Plaintiff notes that a number of courts have found that an insurer may be liable for bad faith even when it was not obligated to provide coverage. Although this observation is correct, the cases cited by plaintiff fail to persuade the court that, under the circumstances of this particular case, plaintiff's bad faith claim could succeed even if its contract claim failed.

The court agrees with plaintiff's assertion that a bad faith claim is separate and distinct from a breach of contract claim. See, e.g., March v. Paradise Mut. Ins. Co., 646 A.2d 1254 (Pa. Super. Ct. 1994), Suscavage v. Nationwide Mut. Ins. Co., No. 3:05cv501, 2008 WL 2278082 at *2 (M.D. Pa. June 3, 2008), Frederick & Emily's, Inc. v. Westfield Group, No. 03-CV-6589, 2004 WL 1925007 at *3 (E.D. Pa. Aug. 27, 2004). Although the two claims are independent, plaintiff has raised a bad faith claim which is inextricably tied to its contract claim. Plaintiff's bad faith claim is based solely on defendant's refusal to provide insurance coverage for the damage to plaintiff's property. (See Doc. 1 ¶ 47). If defendant were to prevail on the contract claim—in other words, if its denial of coverage was proper—then plaintiff's bad faith claim would be doomed.

In this respect, plaintiff's bad faith claim is distinguishable from the claims at issue in Gallatin Fuels, Inc. v. Westchester Fire Ins. Co., 244 F. App'x 424, 434-35 (3d Cir. 2007), and in Moss Signs, Inc. v. State Auto. Mut. Ins. Co., Civ. A. No. 08-164, 2008 WL 892032 (W.D. Pa. Apr. 2, 2008). In Gallatin, the court specifically distinguished cases in which a bad faith claim is based solely on denial of coverage from the case pending before it. 244 F. App'x at 434-35. The court stated that "this is one of the exceedingly rare cases in which an insurer can be liable for bad faith even after the insured cancels the policy," id. at 435, but notably, the court also stated that *failure to provide coverage* cannot be bad faith where the insurer has no obligation to provide coverage. Id. at 434 ("[Defendant's] first argument is that failure to provide coverage cannot be bad faith where there is no duty to provide coverage. . . . [T]his is surely correct . . . ."), 435 (citing Frog, Switch & Manufacturing Co., Inc. v. Travelers Ins. Co., 193 F.3d 742 (3d Cir. 1999), for the holding that "if the insurer was correct as a matter of law in denying coverage, there is no basis for the [bad faith] claim"). Hence, insofar as plaintiff's bad faith claim is based solely on defendant's denial of coverage, Gallatin actually undercuts, rather than supports, plaintiff's argument. Moss is similarly distinguishable. See 2008 WL 892032 at *4 ("As in Gallatin, Plaintiff's [bad faith] claims here go beyond Defendant's simple refusal to cover the damage to [Plaintiff's] property pursuant to the terms of the policy . . . .").

2

disputes,³ and that defendant also asserts that allowing discovery to proceed on plaintiff's bad faith claim at the same time that the parties are litigating plaintiff's contract claim "is tantamount to letting the Plaintiff have a copy of the Defendant's 'playbook[,]'" (Doc. 37 at 3),⁴ and the court concluding that the relevant considerations⁵ in this case call for a resolution of plaintiff's claim for declaratory judgment prior to trial on the remaining issues,⁶ but that it would be inappropriate

---

³ According to defendant, the parties have had disputes relating to the discoverability of certain records and alleged work product in defendant's possession. Defendant asserts that staying discovery on plaintiff's bad faith claim would moot or put aside these disputes, because the materials at issue are not relevant or discoverable for purposes of plaintiff's breach of contract claim. The court is not persuaded that the mere existence of such discovery disputes warrants a stay.

⁴ Defendant argues that it would be unjustly prejudiced, and plaintiff would be unjustly enriched, if the court allowed plaintiff to discover information relating to the bad faith claim while the parties were litigating the contract claim, because such information would be confidential for purposes of the contract claim alone. In response, plaintiff observes that the parties have engaged in simultaneous discovery and litigation of all claims in the instant case for more than two years. In addition, noting the overlap between its claims, plaintiff argues that separate discovery and separate trials "would result in a very non-economical and burdensome litigation of this case." (Doc. 35 at 15-16).

⁵ See Emerick v. U.S. Suzuki Motor Corp., 750 F.2d 19, 22 (3d Cir. 1984) (holding that a court, in deciding whether to bifurcate issues, "must weigh the various considerations of convenience, prejudice to the parties, expedition, and economy of resources"); Lis v. Robert Packer Hosp., 579 F.2d 819, 824 (3d Cir. 1978) (holding that bifurcation "is a matter to be decided on a case-by-case basis and must be subject to an informed discretion by the trial judge in each instance").

⁶ As explained supra, note 2, if the court were to resolve plaintiff's claim for a declaratory judgment in defendant's favor, that decision would dictate the resolution of plaintiff's bad faith claim as well. Therefore, a threshold resolution of plaintiff's declaratory judgment action will conserve judicial resources.

3

to sever and stay discovery on plaintiff's bad faith claim,[7] see FED. R. CIV. P. 21 ("The court may . . . sever any claim against a party."); FED. R. CIV. P. 42(b) ("For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues [or] claims . . . ."), it is hereby ORDERED that the motion (Doc. 31) for severance and stay of plaintiff's bad faith claim is GRANTED in part and DENIED in part as follows:

1. The motion (Doc. 31) is GRANTED insofar as defendant asks the court to hear the declaratory judgment action[8] prior to proceeding with the other issues.

2. The motion (Doc. 31) is DENIED in all other respects.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge

---

[7] The court finds that considerations of convenience and economy outweigh any prejudice to defendant which ensues from simultaneous litigation of plaintiff's breach of contract and bad faith claims, particularly in light of the significant overlap between these claims.

[8] A schedule for this action shall issue by future order of court.