# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMITIE ONE CONDOMINIUM ASSOCIATION,** : | CIVIL ACTION NO. 1:07-CV-1756 |
| : | |
| : | **(Judge Conner)** |
| **Plaintiff** : | |
| : | |
| v. : | |
| : | |
| **NATIONWIDE PROPERTY &** : | |
| **CASUALTY INSURANCE COMPANY,** : | |
| : | |
| **Defendant** : | |

## ORDER

AND NOW, this 22nd day of March, 2010, upon consideration of plaintiff's motion (Doc. 33) for leave to file an amended complaint, and upon further consideration of defendant's brief (Doc. 36) in opposition to plaintiff's motion (Doc. 33) to amend, and it appearing that the claims set forth in the proposed amended complaint are based upon the same factual averments as the original complaint,[1] see FED. R. CIV. P. 15(c), and that granting leave to amend would be in the interests

---

[1] The above-captioned case arises from defendant's denial of insurance coverage for losses that plaintiff incurred as a result of sinkhole activity which damaged plaintiff's property in 2006. Seeking monetary damages and a declaratory judgment, plaintiff sued defendant for breach of contract and bad faith. The original complaint also made some reference to damage that plaintiff's property sustained in 1994, but the complaint did not mention any *insurance claims* arising from the 1994 property damage. Plaintiff now seeks to amend the complaint, to include allegations regarding the fact that plaintiff brought a claim to defendant for insurance coverage for the 1994 damage and defendant denied coverage. Plaintiff also seeks to amend the *ad damnum* clause, to add references to the damages plaintiff suffered in connection with the 1994 and 2006 incidents. Thus, the claims contained in plaintiff's proposed amendment are based upon the same factual allegations as the original complaint.

of justice, see id. 15(a)(2) ("[A] party may amend the party's pleading only by leave of court . . . and leave shall be freely given when justice so requires."), and that equitable considerations—such as undue delay,[2] prejudice to the opposing party,[3]

---

[2] Plaintiff argues that any delay is a result of the recency with which it learned facts that it did not know at the time the original complaint was filed. Although defendant contends that plaintiff's delay in filing the pending motion for leave to amend was undue, defendant does not quantify that delay or detail the concommitant prejudice it allegedly suffers as a result of that delay. See infra note 3. The court finds no reason to conclude that plaintiff unduly delayed in seeking leave to amend and to deny the pending motion on the basis.

[3] Although a number of factors can justify a court's decision to deny leave to amend, see infra note 5, "prejudice to the non-moving party is the touchstone for the denial of an amendment." Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (quoting Cornell & Co. v. Occupational Safety & Health Review Comm'n, 573 F.2d 820, 823 (3d Cir. 1978)). Defendant contends that it would be prejudiced if the court granted leave to amend.

Plaintiff maintains that the amendments do not present any new causes of action. In addition, plaintiff asserts that defendant would suffer no prejudice because the original complaint's reference to the 1994 property damage put defendant on notice of the subject matter of the proposed amendments. In support of its contention that defendant was on notice, plaintiff observes the following: (1) both parties have been conducting discovery related to the 1994 damage, (2) plaintiff has sent defendant discovery requests relating to its 1994 claim for insurance coverage, and (3) defendant has already raised an affirmative defense challenging the timeliness of plaintiff's claims.

Defendant argues that "[d]iscovery as to the physical condition of the property in 1994, and the relation of that condition to the 2006 insurance claim, is wholly different from discovery relating to the nature, quality, and specifics of Nationwide's decision on a heretofore unmentioned claim." (Doc. 36 at 18-19). While the court agrees that there is some difference between discovery on these issues, this argument overstates it, and it is insufficient to establish prejudice. The court finds it significant that the averments of the original complaint prompted defendant to raise the issue of plaintiff's claims being time-barred, and they prompted both parties to investigate the 1994 damage, and the denial of the 2006 claim, throughout the discovery process. Investigating these matters is not far removed from investigating the claim for insurance coverage that arose from the 1994. In light of these circumstances, the court is unconvinced that allowing the proposed amendments will unduly prejudice defendant.

and futility of amendment[4]—do not call for denial of leave to amend, see Forman v.

---

[4] Defendant alleges that granting leave to amend would be futile, because the proposed amendments assert time-barred claims. Plaintiff disputes that the amendments assert new causes of action at all. Plaintiff argues in the alternative that, if the amendments do contain new claims, the claims are not time-barred because the discovery rule tolled the statute of limitations until at least 2006.

The instant case was removed to federal court on the basis of diversity of the parties, (see Doc. 1), and it is therefore governed by Pennsylvania's statute of limitations. See, e.g., Lafferty v. Gito St. Riel, 495 F.3d 72, 76 (3d Cir. 2007) ("[A] federal court must apply the substantive laws of its forum state in diversity actions, and these include state statutes of limitations." (internal citations omitted)). Hence, in evaluating whether the discovery rule should toll the statute of limitations in this case, the court will apply Pennsylvania's tolling principles. See Vernau v. Vic's Mkt., Inc., 896 F.2d 43, 45 (3d Cir. 1990) (citing Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 463-64 (1975)) ("[S]tate tolling principles are generally to be used by a federal court when it is applying a state limitations period . . . ."). The Pennsylvania Supreme Court has held that, ordinarily, deciding whether the discovery rule applies to a specific case involves factual determinations, regarding the ability of a damaged party exercising reasonable diligence to know of his injury and its cause, and such determinations are left to juries. Fine v. Checcio, 870 A.2d 850, 858 (Pa. 2005). Only where "reasonable minds would not differ" may a court determine the applicability of the discovery rule as a matter of law. Id. at 858-59.

At this juncture in the instant case, the court cannot conclude that granting leave to amend would be futile, because it cannot determine as a matter of law that the discovery rule is inapplicable. At the summary judgment stage of litigation, when the parties present a more fully-developed factual record, the court may be able to make a decision on the application of the discovery rule.

Davis, 371 U.S. 178, 182 (1962), Arthur v. Maersk, Inc., 434 F.3d 196, 204 (3d Cir. 2006) (citing Forman, 371 U.S. at 182),[5] it is hereby ORDERED that:

1. The motion (Doc. 33) for leave to file an amended complaint is GRANTED.

2. The Clerk of Court is directed to file the proposed document (Doc. 33-4) as an amended complaint as of the date of this order.

3. Defendants shall respond to the amended complaint in accordance with the Federal Rules of Civil Procedure.

      S/ Christopher C. Conner
      CHRISTOPHER C. CONNER
      United States District Judge

---

[5] In Forman, the Supreme Court held:
In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."
371 U.S. at 182. The court has already discussed a few of these factors supra, notes 2-4. Furthermore, in the instant case, there is no suggestion that plaintiff seeks to amend the complaint in bad faith or with a dilatory motive; nor has plaintiff failed to cure deficiencies through previous amendments.