# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **AMITIE ONE CONDOMINIUM ASSOCIATION** | **CIVIL ACTION NO. 1:07-CV-1756** |
| | **(Judge Conner)** |
| Plaintiff | |
| v. | |
| **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY** | |
| Defendant | |

## MEMORANDUM

Presently before the court are cross-motions for summary judgment (Docs. 49, 59) and the Report (Doc. 73) of the Honorable William T. Prince, United States Magistrate Judge, recommending that defendant's motion be granted and plaintiff's motion be denied. Plaintiff Amitie One Condominium Association ("Amitie") has filed objections (Docs. 74-75) to the magistrate judge's report and recommendation ("R&R"). For the reasons set forth below, the court will adopt the R&R in part and reject it in part.

## I. Factual Background & Procedural History[1]

This is an insurance coverage dispute brought by Amitie against defendant Nationwide Property & Casualty Insurance ("Nationwide"). As the parties are familiar with the facts, the court will provide only a brief overview. Amitie is the homeowner's

---

[1] The magistrate judge's report recites the undisputed facts of this case in greater detail. The factual background set forth in this opinion derives from the magistrate judge's recitation of the facts, but it includes only those facts that are pertinent to the objections.

association for property insured under a policy underwritten by Nationwide. The insured property suffered damage from subsidence of the underlying soil. Amitie sought coverage under the Nationwide policy. Nationwide denied the claim, asserting that the damage fell within the ambit of an exclusion for direct losses caused by "earthmovement." (See Doc. 50 at 50, B.1.b). However, as an exception to that exclusion, the policy covers direct loss resulting from "sinkhole collapse." (See id. B.1.b.(1)). In the instant matter, the parties dispute whether the damage to the insured property resulted from "sinkhole collapse" as that term is specifically defined in the policy.[2]

Amitie commenced this action against Nationwide alleging breach of contract and bad faith in the denial of coverage and seeks a declaratory judgment that Nationwide owes coverage under the policy. Nationwide filed a motion for summary judgment and this court referred the motion to Magistrate Judge Prince. Judge Prince's Report, filed on August 31, 2010, recommended granting summary judgment in Nationwide's favor, concluding that the policy excluded coverage. Amitie filed timely objections to the R&R. (See Docs. 74-75). Specifically, Amitie puts forth nineteen objections to the R&R, chief among them are that magistrate judge erred in: (1) concluding that the insurance policy

---

[2] The policy defines sinkhole collapse as "the sudden sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite." (Doc. 50 at 58, H.6.a).

at issue is not an "all risks" policy, which altered Amitie's burden of proof; and

(2) concluding that Nationwide established an exclusion under the policy. (Doc. 74).[3]

## II. Standard of Review

### A. Standard of Review for Cross-Motions for Summary Judgment

Through summary adjudication the court may dispose of those claims that do not present a "genuine issue as to any material fact" and for which a jury trial would be an empty and unnecessary formality. See FED. R. CIV. P. 56(c). The burden of proof is upon the non-moving party to come forth with "affirmative evidence, beyond the allegations of the pleadings," in support of its right to relief. Pappas v. City of Lebanon, 331 F. Supp. 2d 311, 315 (M.D. Pa. 2004); FED. R. CIV. P. 56(e); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). This evidence must be adequate, as a matter of law, to sustain a judgment in favor of the non-moving party on the claims. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250-57 (1986); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-89 (1986); see also FED. R. CIV. P. 56(c), (e). Only if this threshold is met may the cause of action proceed. Pappas, 331 F. Supp. 2d at 315.

In the instant matter, the parties have filed cross-motions for summary judgment. According to the Third Circuit:

---

[3] The court has also reviewed the remaining portions of the report and recommendation for clear error, and it has found none. Hence, the court adopts the remaining portions of the report and recommendation without further discussion.

3

> Cross-motions are no more than a claim by each side that it alone is entitled to summary judgment, and the making of such inherently contradictory claims does not constitute an agreement that if one is rejected the other is necessarily justified or that the losing party waives judicial consideration and determination whether genuine issues of material fact exist.

Lawrence v. City of Phila., 527 F.3d 299, 310 (3d Cir. 2008) (quoting Rains v. Cascade Indus., Inc., 402 F.2d 241, 245 (3d Cir. 1968)). Each movant must show that no genuine issue of material fact exists; if both parties fail to carry their respective burdens, the court must deny the motions. See Facenda v. N.F.L. Films, Inc., 542 F.3d 1007, 1023 (3d Cir. 2008). When reviewing each motion, the court is bound to view the evidence in the light most favorable to the nonmovant. FED. R. CIV. P. 56; United States v. Hall, 730 F. Supp. 646, 648 (M.D. Pa. 1980).

### B. Standard of Review for a Magistrate Judge's Recommendation

Where objections to a magistrate judge's report and recommendation are filed, the court must perform a *de novo* review of the contested portions of the report. Supinski v. United Parcel Serv., Civ. A. No. 06-0793, 2009 WL 113796, at *3 (M.D. Pa. Jan. 16, 2009) (citing Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); 28 U.S.C. § 636(b)(1)(c)). "In this regard, Local Rule of Court 72.3 requires 'written objections which . . . specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for those objections.'" Id. (citing Shields v. Astrue, Civ. A. No. 07-417, 2008 WL 4186951, at *6 (M.D. Pa. Sept. 8, 2008)).

4

## III. <u>Discussion</u>

The interpretation of an insurance policy is a question of law within the court's realm. <u>Executive Risk Indem., Inc. v. CIGNA Corp.</u>, 976 A.2d 1170, 1172 (Pa. Super. 2009). As a threshold issue, Magistrate Judge Prince determined that the Nationwide insurance policy does not qualify as an "all risks" policy. (Doc. 73 at 11). By definition, an "all risks" policy is "covers ever kind of insurable loss except what is specifically excluded." BLACK'S LAW DICTIONARY 871 (9th ed. 2009). The magistrate judge reasoned that the policy in the instant matter cannot be considered an "all risks" policy because such a classification would render Part A.5 "Additional Coverages" gratuitous in contravention of the canon of construction to give effect to all provisions of an insurance contract. <u>See</u> <u>Mut. of Omaha Ins. Co. v. Bosses</u>, 237 A.2d 218, 254 (Pa. 1968) ("[T]he cardinal principal of interpretation is that an insurance policy must be construed in such a manner as to give effect to all of its provisions. Nor may it be construed in such a way as to render any part of it useless and unnecessary."); <u>see</u> also <u>Farmers New Century Ins. Co. v. Angerson</u>, No. 4:04-cv-2608, 2008 WL 238622 at *9 (M.D. Pa. Jan. 22, 2008). Amitie objects to this classification of the policy and argues that Nationwide acknowledges the policy to be an all-risks policy and, furthermore, that declaring the policy an "all risks" policy does not render useless the specifically enumerated coverages in Part A.5. Amitie avers that each specifically enumerated additional coverage has independent meaning. (<u>See</u> Doc. 75 at 9-12).

5

After a *de novo* review, the court finds that the policy is an "all risks" policy and will sustain this objection. The policy insures against "direct physical loss of or damage to Covered Property. . . by or resulting from any Covered Cause of Loss." (Doc. 50 at 43 A). Under the policy, "covered causes of loss" are "risks of direct physical loss unless the loss is: a. Excluded in Subsection B., Exclusions; or b. Limited in Paragraph A.4, Limitations; that follow." (Id. at 44 A.3). This language clearly indicates that it covers all losses to the covered property that are not limited or excluded. The "Additional Coverages" in Part A.5 are not rendered meaningless or useless by classifying the policy as an "all risks" policy. Rather, the additional coverages explain exceptions to exclusions (see Doc. 50 at 45, A.5.d), or cover things not included within the definition of "Covered Property."(See id. at 44, A.5.a (covering a debris removal expenses not otherwise within the definition of "covered property")).[4]

---

[4] Similarly, the remaining provisions of the "Additional Coverage" section are independently significant upon designating the policy "all risks." (See Doc. 50 at 45, A.5.b (covering specific loss or damage to covered property not at the premises which would otherwise be excluded by the delineation of coverage for covered property "at the premises"); id. A.5.c (covering liabilities to fire departments); id. A.5.e (covering cost of tearing out and replacing building structures to repair damages to fire suppression systems, thus covering damages *not* from "direct physical loss" but rather indirect damages caused in attempt to repair damages caused by the loss); id. at 46, A.5.f (covering loss of business income during restoration of damaged property); id. A.5.g (expanding coverage to losses and expenses associated with minimizing business interruption); id. A.5.h (covering clean up of pollutants at or near the property not otherwise covered as loss or damage to the covered property); id. A.5.i (offering a reward for information leading to the arrest and conviction of arsonists); id. A.5.j (paying insureds for recharging fire extinguishers used in fighting a fire, a maintenance cost not a "loss or damage")).

6

There are "substantial consequences" in classifying the insurance policy as "all risks." (See Doc. 73 at 10). All Amitie need show in its *prima facie* case for coverage under an "all risks" policy is that the covered property suffered some type of fortuitous damage—a showing it has made in the instant matter. See Miller v. Boston Ins. Co., 218 A.2d 275, 279 (Pa. 1966). The burden then shifts to Nationwide to establish an applicable exception to coverage. See id.

Despite the shifted burden, the court concludes that summary judgment in favor of Nationwide is warranted. Nationwide has established an applicable exception to coverage, namely "earth movement" that is not "sinkhole collapse," where sinkhole collapse is defined under the policy as "the *sudden* sinking or collapse of land into underground empty spaces created by the action of water on limestone or dolomite." (See Doc. 50 at 45, A.5.d.(1); id. at 58, H.6.a) (emphasis added). There is no material dispute of fact that the sinking or collapse, of the covered property, per the policy definition was not *sudden*. The magistrate judge's R&R is well reasoned with respect to this aspect, and the court adopts that reasoning. (See Doc. 73 at 14-15).

The court finds the Magistrate Judge's Report and Recommendation thoroughly addresses Amitie's remaining objections and adopts its rationale with respect to the same.

7

## IV. Conclusion

The court will adopt the magistrate judge's recommendations to grant summary judgment in favor of Nationwide. With respect to the classification of the insurance policy, the court departs with the magistrate judge's reasoning and finds the policy at issue to be an "all risks" policy. Nevertheless, the court concurs with the magistrate judge's ultimate conclusion that summary judgment n Nationwide's favor is warranted. Accordingly, Nationwide's motion for summary judgment will be granted, and Amitie's motion for summary judgment will be denied.

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated: December 7, 2010

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **AMITIE ONE CONDOMINIUM ASSOCIATION** | : | **CIVIL ACTION NO. 1:07-CV-1756** |
| | : | |
| | : | **(Judge Conner)** |
| Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| **NATIONWIDE PROPERTY & CASUALTY INSURANCE COMPANY** | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| Defendant | : | |

## **ORDER**

AND NOW, this 7th day of December, 2010, upon consideration of the report of the magistrate judge (Doc. 73), wherein the magistrate judge recommends that the motion (Doc. 49) for summary judgment filed by defendant Nationwide Property & Casualty Insurance Company ("Nationwide") be granted and the motion (Doc. 59) for summary judgment filed by plaintiff Amitie One Condominium Association ("Amitie") be denied, and upon further consideration of the Amitie's objections (Docs. 74-75) to the magistrate judge's report and recommendation, and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The report of the magistrate judge (Doc. 73) is ADOPTED in part and REJECTED in part as follows:

    a. REJECTED with respect to the conclusion that the insurance policy at issue is not an "all risks" policy.

    b. ADOPTED in all other respects.

2. Nationwide's motion (Doc. 49) for summary judgment is GRANTED.

3. Amitie's motion (Doc. 59) for summary judgment is DENIED.

4. The Clerk of Court is directed to enter JUDGMENT in favor of Nationwide and to CLOSE the case.

                                           <u>S/ Christopher C. Conner</u>
                                           CHRISTOPHER C. CONNER
                                           United States District Judge